1 | KENT M. ROGER, State Bar No. 95987
2 | WILLIAM J. TAYLOR, State Bar No. 72902
  | MORGAN, LEWIS & BOCKIUS LLP
3 | One Market, Spear Street Tower
  | San Francisco, CA 94105
4 | Telephone: (415) 442-1000
  | Facsimile: (415) 442-1001

5 | Attorneys for Defendants
  | Hitachi America, Ltd. and Hitachi Electronic
6 | Devices (USA), Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Aspen Building Technology, Inc., on behalf of itself and all others situated,<br><br>Plaintiff,<br><br>v.<br><br>LG-Philips LCD Co. Ltd., LG Philips LCD America, Inc.; Samsung Electronics Co. Ltd.; Sharp Corporation; Sharp Electronics Corporation; Toshiba Corporation Toshiba Matsushita Display Technology Co., Ltd.; Hitachi Ltd.; Hitachi Displays, Ltd.; Hitachi America Ltd.; Hitachi Electronic Devices (USA), Inc.; Epson Imaging Devices Corporation; NEC Corporation; NEC LCD Technologies, Ltd.; NEC Electronics America, Inc.; IDT International Ltd.; AU Optronics; International Display Technology Co., Ltd.; International Display Technology USA Inc.; AU Optronics Corporation America; Chi Mei Optoelectronics; Chi Mei Optoelectronics USA, Inc.; Chunghwa Picture Tubes Ltd.; and Hannstar Display Corporation,<br><br>Defendants. | Case No. 07-CV-2995<br><br>**STIPULATION AND ORDER FOR EXTENSION OF TIME**<br><br>Honorable Jeffrey S. White |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7562629.1

STIPULATION AND ORDER
FOR EXTENSION OF TIME
C-07-CV-2995

**STIPULATION FOR EXTENSION OF TIME**

WHEREAS plaintiff filed a complaint in the above-captioned case on or about June 8, 2007;

WHEREAS plaintiff alleges antitrust violations by manufacturers of Liquid Crystal Display ("LCD") products;

WHEREAS more than one hundred and thirty complaints have been filed to date in federal district courts throughout the United States by plaintiffs purporting to bring class actions on behalf of direct and indirect purchasers alleging antitrust violations by manufacturers of LCD products (collectively, "the LCD Cases");

WHEREAS on March 29, 2007, the Judicial Panel on Multidistrict Litigation ("JPML") heard argument regarding a motion to transfer approximately 20 of the LCD cases to a single district for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407;

WHEREAS on April 17, 2007, the JPML issued an order (a true and correct copy of which is attached as Exhibit A) providing that (1) the 20 LCD cases that were the subject of the initial motion to consolidate involve common questions of fact; (2) centralization under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation; (3) centralization is necessary to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary; (4) ordering the transfer of the cases to the Honorable Susan Y. Illston in the United States District Court for the Northern District of California ("the MDL transferee court") for coordinated or consolidated pretrial proceedings and (5) designating over 100 additional related actions (including this action), as potential tag-along actions per JPML ruled 7.4 and 7.5;

WHEREAS plaintiff anticipates the possibility of Consolidated Amended Complaints in the LCD Cases;

WHEREAS plaintiff and Hitachi America, Ltd. ("HAL") and Hitachi Electronic Devices (USA), Inc. ("HED-US") have agreed that an orderly schedule for any response to the pleadings in the LCD Cases would be more efficient for the parties and for the Court;

WHEREAS plaintiff agrees that the deadline for HAL and HED-US to respond to the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7562629.1                                              1                                   STIPULATION AND ORDER
                                                                                                FOR EXTENSION OF TIME
                                                                                                C-07-CV-2995

1  Complaint shall be extended until the earlier of the following two dates: (1) forty-five days after
2  the filing of a Consolidated Amended Complaint in the LCD Cases; or (2) forty-five days after
3  plaintiff provided written notice to HAL and HED-US that plaintiff does not intend to file a
4  Consolidated Amended Complaint, provided that such notice may be given only after the initial
5  case management conference in the MDL transferee court in this case;

6  WHEREAS plaintiff further agrees that this extension is available, without further
7  stipulation with counsel for plaintiff, to all named defendants who notify plaintiff in writing of
8  their intention to join this extension;

9  WHEREAS this Stipulation does not constitute a waiver by HAL and HED-US or any
10 defendant of any defense, including but not limited to the defenses of lack of personal or subject
11 matter jurisdiction, insufficiency of process, insufficiency of service of process, or improper
12 venue.

13 PLAINTIFF AND DEFENDANTS HAL AND HED-US, BY AND THROUGH THEIR
14 RESPECTIVE COUNSEL OF RECORD, HEREBY STIPULATE AS FOLLOWS:

15 1. The deadline for the HAL and HED-US to respond to the Complaint shall be
16 extended until the earlier of the following two dates (1) forty-five days after the filing of a
17 Consolidated Amended Complaint in the LCD Cases; or (2) forty-five days after the plaintiff
18 provides written notice that he does not intend to file a Consolidated Amended Complaint,
19 provided that such notice may be given only after the initial case management conference in the
20 MDL transferee court in this case.

21 2. This extension is available, without further stipulation with counsel for plaintiff or
22 further order of the Court, to all named defendants who notify plaintiff in writing of their
23 intention to join this extension.

24 //
25 //
26 //
27 //
28 //

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7562629.1                                2                         STIPULATION AND ORDER
                                                                        FOR EXTENSION OF TIME
                                                                        C-07-CV-2995

3. This Stipulation does not constitute a waiver by HAL and HED-US or any defendant of any defense, including but not limited to the defenses of lack of personal or subject matter jurisdiction, insufficiency of process, insufficiency of service of process, or improper venue.

IT IS SO STIPULATED.

Dated: 6-14-07

Signature: _____

Lori E. Andrus
Micha Star Liberty
Jennie Lee Anderson
Andrus Liberty & Anderson LLP
1438 Market Street
San Francisco, CA 94102

Counsel for Plaintiff Aspen Building Technology, Inc.

Dated: 6-15-07

Signature: _____

Kent M. Roger
William J. Taylor
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126

Counsel for Defendants
Hitachi America, Ltd. and Hitachi Electronic Devices (USA), Inc.

SO ORDERED: _____

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

1-SF/7562629.1

3

STIPULATION AND ORDER
FOR EXTENSION OF TIME
C-07-CV-2995